UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CORDIA FOSTER and CISLYN WRIGHT,

21-cv-11224 (CM)

*Plaintiffs,*

-against-

ELYSE DULA a/k/a ELYSE SNOW
and IAN K. SNOW,

*Defendants.*
-----------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 3/15/2022 |

## STIPULATION AND CONFIDENTIALITY ORDER

The undersigned parties agree as follows:

1.     Scope: Materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits (hereinafter

collectively "Documents") shall be subject to this Confidentiality Stipulation concerning

Confidential Information as defined below.

2.     Confidential Information: As used herein, "Confidential Information" shall mean

all Documents, and all information contained therein, and other information designated as

confidential, if such Documents contain trade secrets, proprietary business information,

competitively sensitive information or other information the disclosure of which would, in the

good faith judgment of the party or, as appropriate, non-party designating the material as

confidential, be detrimental to the conduct of that party's or non-party's business or the business

of any of that party's or non-party's customers or clients.

3.     "Producing Party" shall mean the parties to this action and any non-parties

producing "Confidential Information" in connection with depositions, document production or

otherwise, or the party or non-party designating a Document as confidential, as the case may be.

4.      "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

5.      Designation: The Producing Party may designate a Document as Confidential by placing or affixing the word "CONFIDENTIAL" on the Document and copies thereof in a manner that will not interfere with the legibility of the Document. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the Documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" to a Document does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Confidentiality Stipulation.  Any copies that are made of any Documents marked "CONFIDENTIAL" shall also be so marked.

6.      Depositions:  Deposition testimony is protected by this Confidentiality Stipulation only if designated as "CONFIDENTIAL" within 14 days of receiving the transcript of the deposition.  Such designation shall be specific as to the portions that contain Confidential Information.

7.      Protection of Confidential Material:

(a)      General Protections.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose other than litigation between the parties.

(b)      Limited Third-Party Disclosures of Confidential Information.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these

2

requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Personnel of the parties who are engaged in assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder;

(2) Counsel for the parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(3)     Parties to this action;

(4)     The Court and its personnel;

(5)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(6)     Consultants and Experts. Consultants, investigators, or experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions, if furnished, shown or disclosed in accordance with paragraph 8 hereof; and

(8)     Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

3

8. This Confidentiality Stipulation shall not preclude counsel for any party from using during any deposition in this action any Documents which has been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Attachment A, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Confidentiality Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

9. Inadvertent Failure to Designate. An inadvertent failure to designate a Document or deposition transcript as Confidential does not, standing alone, waive the right to so designate the Document. If a party designates a Document as Confidential Information after initially producing it, the Receiving Party, on notification of the designation, must make a reasonable effort to: (a) assure that the Document is treated in accordance with the provisions of this Confidentiality Stipulation; and (b) retrieve such Document from persons no longer entitled to disclosure (if any).

10. Filing of Confidential Information. This Confidentiality Stipulation does not, by itself, authorize the filing of any Document under seal. Any party wishing to file a Document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the applicable rules.

11. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a Document or other material as

4

Confidential Information. If the Producing Party does not agree to declassify such Document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those Documents or materials. If no such motion is filed, such Documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the Documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise. Notwithstanding anything to the contrary in this stipulation, the Producing Party bears the burden of establishing the propriety of its designation of Documents or information as Confidential Information.

12.     A party may designate as Confidential Information subject to this Confidentiality Stipulation any Document, information, or deposition testimony produced or given by any non-party to this case, or any portion of such materials or information. In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those Documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those Documents by counsel for the party asserting the confidentiality designation.

13.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or Document designated in this action as Confidential Information, the Receiving Party must promptly notify counsel for the designating party in writing.  Such notification must include a copy of the subpoena or court order.

(b)     The purpose of imposing this duty is to alert the interested persons to the existence of this Confidentiality Stipulation and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or

5

order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing herein should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14.    Inadvertent or unintentional production. If materials protected from disclosure by the attorney-client privilege, work product or any other privilege are inadvertently disclosed or unintentionally produced, such disclosure shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the Producing Party or person would otherwise be entitled. If a claim of inadvertent disclosure or unintentional production is made pursuant to this paragraph by the disclosing party with respect to such material then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent and / or unintentional production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure or unintentional production.

15.    Obligations upon Conclusion of Litigation.

(a)    Unless otherwise agreed or ordered, this Confidentiality Stipulation shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    During the pendency of this action, the parties shall preserve discoverable information. Within 60 days after dismissal or entry of final judgment not subject to further appeal, Documents marked "CONFIDENTIAL" under this Confidentiality Stipulation shall be collected by the parties' counsel upon receiving an email or other notice from opposing counsel

6

reminding him or her to collect and destroy such information. Counsel shall then destroy all of the Documents marked "CONFIDENTIAL" with written notice of said destruction provided to opposing counsel. Any retained Confidential Information shall continue to be protected under this Confidentiality Stipulation.

16. Confidentiality Stipulation Subject to Modification. This Confidentiality Stipulation shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. No Prior Judicial Determination. This Confidentiality Stipulation is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Document or material designated Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Document or issue.

18. Persons Bound. This Confidentiality Stipulation shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Confidentiality Stipulation by its terms.

**COURT ADDENDUM:** Pursuant to Paragraph VI of Judge McMahon's Individual Rules of Practice, THE FOLLOWING ADDENDUM (which is acceptable to the parties) IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.
>
> It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as

7

such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: March 9, 2022

Law Offices of Scott A. Lucas
200 Park Ave.
Suite 1700
New York, NY 10166
(direct) (646) 342-1139
(office) (646) 632-3737
Attorneys for Plaintiffs

By: /S/ Scott A. Lucas
        Scott A. Lucas

So Ordered:

United States District Judge

3/15/ 2022

MANTEL McDONOUGH RISO, LLP
410 Park Ave.
17th Floor
New York, NY 10022
(212) 599-1515
Attorneys for Defendants

By: /S/ Gerard Riso
        Gerard Riso

8

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CORDIA FOSTER and CISLYN WRIGHT,                    21-cv-11224

*Plaintiffs,*

-against-

ELYSE DULA a/k/a ELYSE SNOW
and IAN K. SNOW,

*Defendants.*
-----------------------------------------------------------X

**ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the "So Ordered" Confidentiality Stipulation in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Bronx County Supreme Court in matters relating to the "So Ordered" Confidentiality Stipulation and understands that the terms of the "So Ordered" Confidentiality Stipulation obligate him/her to use materials designated as Confidential Information in accordance with the "So Ordered" Confidentiality Stipulation solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the "So Ordered" Confidentiality Stipulation may result in penalties for contempt of court:

Name: _____

Address: _____

Signature: _____

Date: _____

9