UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CORDIA FOSTER and CISLYN WRIGHT,     21-cv-11224 (CM)

       *Plaintiffs*,

     -against-

ELYSE DULA a/k/a ELYSE SNOW
and IAN K. SNOW,

       *Defendants*.
--------------------------------------------------------X


**Plaintiffs' Proposed Jury Instructions**
(in Addition to the Court's General Instructions)


Respectfully submitted,

Law Offices of Scott A. Lucas
600 Mamaroneck Ave., Suite 400
Harrison, NY 10528
(646) 342-1139
scott@lucasemploymentlaw.com
*Attorneys for Plaintiffs*
*Cordia Foster and Cislyn Wright*

# Table of Contents

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**
**(in Addition to the Court's General Instructions)**

**Instruction no. 1**

**Introduction** . . . . . . . . . . 1


**Instruction no. 2**

**Elements of a Section 1981 Claim — Harassment —Hostile Work Environment — Tangible Employment Action** . . . . . 4


**Instruction no. 3**

**Elements of NYSHRL Claim - Harassment and Tangible Employment Action** . . . . . 6


**Instruction no. 4**

**Elements of a Section 1981 Claim — Retaliation** . . . . . 9


**Instruction no. 5**

**New York State Human Rights Law — Retaliation** . . . . 12


**Instruction no. 6**

**Evaluate retaliatory acts separately and in the aggregate** . . . 15


**Instruction no. 7**

**Direct Evidence of Explicit Racial Harassment Unnecessary** . . . 16

**Instruction no. 8**

**Direct evidence of discrimination and retaliation is rarely available** . 17


**Instruction no. 9**

**Retaliation when discrimination not found,**
**and when employer genuinely believes plaintiff is acting in bad faith** . 18


**Instruction no. 10**

**Retaliation where employer also had good cause to take adverse action** . 19


**Instruction no. 11**

**Proof of discrimination or retaliation by demonstrating weaknesses,**
**implausibilities, inconsistencies, or contradictions in the employer's**
**proffered legitimate, nonretaliatory reasons for its action** . . . 20


**Instruction no. 12**

**Effect of One Type of Discrimination on Another** . . . . 21


**Instruction no. 13**

**Petty slights and trivial inconveniences** . . . . . . 22


**Instruction no. 14**

**Damages** . . . . . . . . . . . 23

**<u>Instruction no. 15</u>**

**Punitive Damages**.   .   .   .   .   .   .   .   .   .   25

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS
### (in Addition to the Court's General Instructions)

Plaintiffs, through their undersigned counsel, respectfully submit the following proposed jury instructions:

## Instruction No. 1

### Introduction

As you have heard, this is an action to recover damages for employment discrimination and retaliation. The law prohibits employment discrimination based on color and race, which includes discrimination based on ancestry or ethnic characteristics."[1] The law also prohibits retaliation against employees who oppose discrimination.

In this case, Plaintiffs claim that after they opposed discriminatory behavior by Defendant Dula, Defendants no longer viewed them as nurturing and nonthreatening large-framed black women who existed only to serve, but rather as untrustworthy and suspicious. Plaintiffs claim that Defendants, acting mainly through Defendant Dula, referred to them in racially derogatory terms, racially profiled them, barred them from entering the main house, aimed an audio-visual recording device at their bed, cut their collective pay by more than half, and fired them, and that these things would not have happened if they were not Blacks or African-Americans who opposed conduct they saw as discriminatory.

---

[1] **Authority:**  *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998).

Defendants deny that Plaintiffs were mistreated because of their color or race and specifically deny that they ever referred to Plaintiffs in racially derogatory terms, or ever subjected them to racial stereotyping or racial profiling, or ever retaliated against them. Defendants also maintain that all of the actions that they took were due to legitimate non-discriminatory reasons.

It has already been determined that Plaintiffs were employees of Defendants,[2] and there is no question that Plaintiffs' pay was cut and that Plaintiffs were terminated, and that Plaintiffs are Black, African-American, and Afro-Jamaican, which I will simply refer to for convenience as Black and African-American.

---

[2] **Authority:** "'[W]hether workers are employees or independent contractors—is a question of law,'" *Meyenhoffer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp. 3d 39, 48 (S.D.N.Y. 2020) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir.1988)), and it cannot be doubted that Plaintiffs were Defendants' employees. DX-1 and DX-20 (agreements designating Snow and Dula as Plaintiffs' joint "Employer" and Plaintiffs as their "Employees"); Snow depo. 52:17 (Snow identifying himself as Foster's "primary employer"); Snow depo. 74:20-75:5 (Snow referring to himself as a "good employer" of both Plaintiffs); Snow depo. 79:16-17 (Snow referring to his and Dula's relationship with Foster and Wright as an "employer/employee relationship"); Dula depo. 16:12-14 and 17:3-4 (confirming that Snow hired Plaintiffs and agreed to their pay rates); Snow depo. 77:19 (Foster was an "at-will employee"); Snow depo. 84:18 (Plaintiffs were "household staff employees"); Snow depo. 87:19-20 (Plaintiffs were living in Defendants homes "as an employee"); Dula depo. 135:14-17 (confirming that Plaintiffs were Defendants' "live-in employees").

## Instruction No. 2

### Elements of a Section 1981 Claim — Harassment —Hostile Work Environment — Tangible Employment Action[3]

Plaintiffs claim that they were subjected to harassment by Defendants and that this harassment was motivated by Plaintiffs' color and race. Defendants are liable for racial harassment if Plaintiffs prove all of the following elements by a preponderance of the evidence:

First: Plaintiffs were subjected to harassment due to their race or color.

Second: Defendants' conduct was not welcomed by Plaintiffs.

Third: Defendants' conduct was motivated by the fact that Plaintiffs are African-American in general, and, more particularly, by negative racial stereotypes that were allegedly triggered.

Fourth: The conduct was so severe or pervasive that a reasonable person in Plaintiffs' position would find Plaintiffs' work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable member of Plaintiffs' race relative to Plaintiffs' work environment.

---

[3] **Authority:** Instructions For Race Discrimination Claims Under 42 U.S.C § 1981 (Third Circuit), "6.1.3 Elements of a Section 1981 Claim — Harassment —Hostile Work Environment — Tangible Employment Action", online at https://www.ca3.uscourts.gov/sites/ca3/files/6_Chap_6_2016_May.pdf

Fifth: Plaintiffs believed their work environment to be hostile or abusive as a result of Defendants' conduct.

Sixth: Plaintiffs suffered an adverse "tangible employment action" as a result of the hostile work environment; a tangible employment action is defined as a significant change in employment status, which can include, but is not limited to, a significant pay cut or a firing.

## Instruction No. 3

### Elements of NYSHRL Claim -
### Harassment and Tangible Employment Action[4]

So far, I have told you about the law that you must use in deciding Plaintiffs'

discrimination claims under federal law. Plaintiffs also allege that Defendants

violated the New York State Human Rights Law, and there are different legal rules

that you must use to decide those claims. I will now tell you about those rules.

To recover for race or color discrimination under the New York Human

Rights Law, Plaintiffs must prove, by a preponderance of the evidence, that

Defendants' conduct subjected Plaintiffs to at least some inferior terms, conditions

or privileges of employment[5], and that (1) the conduct was unwanted; (2) that

Plaintiffs were subjected to at least some of that conduct because they are Black or

African-American; (3) that, as a result of the conduct, a reasonable Black and/or

African-American woman in Plaintiffs' position[6] would consider that she was

---

[4] **Authority:** Adapted from New York PJI 9:5 ("Employment Discrimination-Hostile Work Environment-Claims Under the New York City Human Rights Law ["NYCHRL"]"); see *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46 (S.D.N.Y. Mar. 28, 2022) (applying NYCHRL test to NYSHRL claims because "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019*").

[5] **Authority:** *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, 2022 U.S. Dist. LEXIS 31075, at *26 (S.D.N.Y. Feb. 22, 2022) (McMahon, J.) (citing N.Y. Exec. Law § 296(h), amended effective October 11, 2019).

[6] **Authority:** This charge refers to "a reasonable Black and/or African-American woman in Plaintiffs' position" because N.Y. Executive Law § 296(h) evaluates discrimination based on the perspective of "a reasonable victim of discrimination with the same protected characteristic or characteristics[.]"

being treated less well under all of the circumstances than she would have been had she not been Black or African-American[7]; (4) that Plaintiffs actually considered that they were being treated less well than they would have been had they not been Black or African-American; and (5) that Plaintiffs were harmed because of the conduct.

If you decide (1) that the conduct was unwanted; (2) that Plaintiffs were subjected to at least some of that conduct because they are Black or African-American; (3) that, as a result of the conduct, a reasonable Black and/or African-American woman in Plaintiffs' position[8] would consider that she was being treated less well under all of the circumstances than she would have been had she not been Black or African-American[9]; (4) that Plaintiffs actually considered that they were being treated less well than they would have been had they not been Black or African-American; and (5) that Plaintiffs were harmed because of the conduct, you

---

[7] **Authority:** This charge does not refer to comparators because N.Y. Executive Law § 296(h) provides, in pertinent part: "*Nothing in this section shall imply that an employee must demonstrate the existence of an individual to whom the employee's treatment must be compared.*"

[8] **Authority:** N.Y. Executive Law § 296(h). This charge refers to "a reasonable Black and/or African-American woman in Plaintiffs' position" because N.Y. Executive Law § 296(h) evaluates discrimination based on the perspective of "a reasonable victim of discrimination with the same protected characteristic or characteristics[.]"

[9] **Authority:** N.Y. Executive Law § 296(h). This charge does not refer to comparators because N.Y. Executive Law § 296(h) provides, in pertinent part: "*Nothing in this section shall imply that an employee must demonstrate the existence of an individual to whom the employee's treatment must be compared.*"

will find Defendants liable to Plaintiffs and you will proceed to consider the amount of Plaintiffs' damages.[10]

On the other hand, you will find that Defendants are not liable to Plaintiffs if you decide (1) that the conduct was not unwanted; (2) that Plaintiffs were not subjected to any of that conduct because they are Black or African-American; (3) that, as a result of the conduct, a reasonable Black or African-American woman in Plaintiffs' position would not consider that she was being treated less well under all of the circumstances than she would have been had she not been Black or African-American; (4) that Plaintiffs never thought they were being treated less well than they would have been had they not been Black or African-American; and (5) that Plaintiffs were not harmed by any of the conduct.[11]

---

[10] **Authority:** Adapted from New York PJI 9:5 ("Employment Discrimination-Hostile Work Environment-Claims Under the New York City Human Rights Law ["NYCHRL"]"); see *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46 (S.D.N.Y. Mar. 28, 2022) (applying NYCHRL test to NYSHRL claims because "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019*").

[11] **Authority:** Adapted from New York PJI 9:5 ("Employment Discrimination-Hostile Work Environment-Claims Under the New York City Human Rights Law ["NYCHRL"]"); see *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46 (S.D.N.Y. Mar. 28, 2022) (applying NYCHRL test to NYSHRL claims because "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019*").

## Instruction No. 4

### Elements of a Section 1981 Claim — Retaliation[12]

Plaintiffs allege that because they opposed conduct that was and was reasonably believed to be unlawfully discriminatory, Defendants began stereotyping them as untrustworthy and suspicious and referred to them in racially derogatory terms, racially profiled them, barred them from entering the mansion, aimed an audio-visual recording device at their bed, cut their pay by about half, and fired them.

To prevail on this claim, Plaintiffs must prove all of the following by a preponderance of the evidence:

First: Plaintiffs opposed conduct that was or that they reasonably believed was unlawfully discriminatory.

Second: Plaintiffs were subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: There was a causal connection between Defendants allegedly referring to them in racially derogatory terms, racially profiling them, barring them from the main part of the house, aiming an audio-visual recording device at their bed, reducing their pay significantly, or firing them,

---

[12] **Authority:** Adapted from: Instructions For Race Discrimination Claims Under 42 U.S.C § 1981 (Third Circuit), "6.1.6 Elements of a Section 1981 Claim — Retaliation", online at https://www.ca3.uscourts.gov/sites/ca3/files/6_Chap_6_2016_May.pdf

on the one hand, and Plaintiffs' having opposed conduct that was or that they reasonably believed was unlawfully discriminatory, on the other.

Concerning the first element, Plaintiffs need not prove that Defendants actually engaged in racial discrimination, but only that Plaintiffs was acting under a reasonable, good faith belief that their right to be free from racial discrimination was violated.

Concerning the second element, the term "materially adverse" means that Plaintiffs must show the alleged retaliatory conduct just described was serious enough that it well might have discouraged a reasonable worker from opposing conduct that was or was reasonably believed to be discriminatory.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Defendants' action followed shortly after they became aware that Plaintiffs opposed conduct that they reasonably believed was unlawfully discriminatory. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Plaintiffs or a change in demeanor toward

Plaintiffs.[13] Ultimately, you must decide whether Plaintiffs' acts of opposing what they reasonably believed was discriminatory conduct had a determinative effect on Defendants allegedly referring to them in racially derogatory terms, racially profiling them, barring them from the main part of the house, aiming an audio-visual recording device at their bed, cutting their collective pay by more than half, or firing them. "Determinative effect" means that if not for Plaintiffs' opposition to conduct that they reasonably believed was unlawfully discriminatory, some or all of the alleged retaliatory activity just described would not have occurred.

---

[13] See also *Burgos v. City of N.Y.*, 2019 U.S. Dist. LEXIS 47074, at *24 (S.D.N.Y. Mar. 21, 2019) ("[E]vidence of an intervening pattern of antagonism between [an employer and an employee who opposed conduct that was or was reasonably thought to be discriminatory]—occurring between the protected activity and the adverse act—could support an inference that an alleged retaliatory act that was taken against the [employee] was causally related to her complaint of discrimination.") (citation omitted); *Duplan v. City of N.Y.*, 888 F.3d 612, 626 (2d Cir. 2018) (citing *Curcio v. Roosevelt Union Free Sch. Dist.*, 2012 U.S. Dist. LEXIS 120144, 2012 WL 3646935, at *14 (E.D.N.Y. Aug. 22, 2012) with approval for the proposition that a 'pattern of antagonism' over the intervening period may be sufficient to demonstrate the requisite causal connection").

**Instruction No. 5**

**New York State Human Rights Law — Retaliation**

To recover for unlawful retaliation under the New York State Human Rights Law, Plaintiffs must prove four elements by a preponderance of the evidence. First, Plaintiffs must prove that they opposed conduct that was or was reasonably believed to be unlawfully discriminatory under the New York State Human Rights Law.[14]

"[A]n employee can oppose [her] employer's discrimination without expressly mentioning discrimination as the source of his discontent."[15] Instead, such opposition "can include situations where a person, before the retaliatory conduct occurred, merely 'made clear her disapproval of [the defendant's] discrimination by communicating to [the defendant], in substance, that she thought

---

[14] **Authority:** *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46-48 (S.D.N.Y. Mar. 28, 2022) (applying NYCHRL test to NYSHRL claims because "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019*").

[15] **Authority:** *Benzinger v. Lukoil Pan Ams., LLC*, 447 F. Supp. 3d 99, 129 (S.D.N.Y. 2020) (citing *Albunio v. City of N.Y.*, 16 N.Y.3d 472, 479 (2011) and *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013)). The broad New York City Human Rights Law (NYCHRL) standard applies to Plaintiffs' NYSHRL claims because the NYSHRL was amended, and "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019.*" *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46-48 (S.D.N.Y. Mar. 28, 2022); accord N.Y. Exec. Law § 300 (The NYSHRL "shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed. Exceptions to and exemptions from the provisions of this article shall be construed narrowly in order to maximize deterrence of discriminatory conduct.").

[the defendant's] treatment of [the victim] was wrong."[16] "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances."[17]

The second element Plaintiffs must prove is that their employer was aware that they participated in such oppositional activity.[18] "[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that the employer understood, or reasonably could have understood, that the plaintiff's opposition was directed at conduct prohibited by [by the New York State Human Rights Law]."[19] This element is also satisfied where the employer mistakenly believes that the employee has been engaged in or is planning to engage in protected conduct, such as gathering evidence to use in a discrimination lawsuit.[20]

---

[16] **Authority:** *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013) (citing *Albunio v. City of N.Y.*, 16 N.Y.3d 472, 479 (2011)); accord N.Y. Exec. Law § 300.

[17] **Authority:** *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) (citation omitted).

[18] **Authority:** *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46-48 (S.D.N.Y. Mar. 28, 2022) (applying NYCHRL test to NYSHRL claims because "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019*").

[19] **Authority:** *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998).

[20] **Authority:** *Grosso v. City Univ.*, 2005 U.S. Dist. LEXIS 4089, at *9 (S.D.N.Y. Mar. 14, 2005) ("At trial, plaintiff would have to establish that the defendants subjected him to a hostile workplace because they believed he was engaged in protected activity, but not that their belief was correct."); accord N.Y. Exec. Law § 300.

The third element Plaintiffs must prove is that their employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity.[21]

The fourth element Plaintiffs must establish by a preponderance of the evidence is a causal connection between the protected activity and the alleged retaliatory conduct.[22]

---

[21] **Authority:** *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46-48 (S.D.N.Y. Mar. 28, 2022) (applying NYCHRL test to NYSHRL claims because "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019*").

[22] **Authority:** *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, at *46-48 (S.D.N.Y. Mar. 28, 2022) (applying NYCHRL test to NYSHRL claims because "*the standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019*").

## Instruction no. 6

## Evaluate retaliatory acts separately and in the aggregate[23]

When determining whether the acts of retaliation alleged well might have discouraged a reasonable worker from opposing discriminatory conduct under federal law, or whether they were reasonably likely to deter a person from engaging in that protected activity under state law, bear in mind that "alleged acts of retaliation must be evaluated both separately and in the aggregate, as even trivial acts may take on greater significance when they are viewed as part of a larger course of conduct."

---

[23] **Authority:** *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir. 2012) (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 69 (2006)).

## Instruction no. 7

## Direct Evidence of Explicit Racial Harassment Unnecessary[24]

Under federal and state law, "[a] hostile work environment claim need not be supported by direct evidence of explicit racial [or retaliatory] harassment. Circumstantial evidence may do. Nor [is a plaintiff] required to demonstrate that [her race and/or opposition to what she believed was discriminatory conduct] was the *only* motivating factor.'"

"[P]roof is seldom available with respect to an employer's mental processes. Instead, plaintiffs in discrimination suits often must rely on the cumulative weight of circumstantial evidence, since an employer who discriminates against its employee is unlikely to leave a well-marked trail[.]"[25]

---

[24] **Authority:** *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 23 (2d Cir. 2012) (internal and external citations omitted).

[25] **Authority:** *Rasmy v. Marriott Int'l Inc.*, 952 F.3d 379, 392 (2d Cir. 2020) (quoting *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000)).

# Instruction no. 8

## Direct evidence of discrimination and retaliation is rarely available

"[Discrimination and retaliation] may be subtle[.]"[26] "[D]irect evidence of [discrimination and] retaliation" is rarely available because "[p]roof is seldom available with respect to an employer's mental processes. Instead, plaintiffs in [retaliation] suits often must rely on the cumulative weight of circumstantial evidence, since an employer who [retaliates] against its employee is unlikely to leave a well-marked trail[.]"[27]

---

[26] **Authority:** *Roberts v. UPS, Inc.*, 115 F. Supp. 3d 344, 372 (E.D.N.Y. 2015) (Weinstein, J.).

[27] **Authority:** *Rasmy v. Marriott Int'l Inc.*, 952 F.3d 379, 392 (2d Cir. 2020) (quoting *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000)).

## Instruction no. 9

**Retaliation when discrimination not found,
and when employer genuinely believes plaintiff is acting in bad faith**

Retaliation can be found to occur even when there was no discrimination,[28]

so long as the employee genuinely believes is discriminatory. This is so even if the

employer genuinely believes that the employee is acting in bad faith.[29]

---

[28] **Authority:** *Davis v. State Univ. of N.Y.*, 802 F.2d 638, 642 (2d Cir. 1986) ("A finding of unlawful retaliation is not dependent on the merits of the underlying discrimination complaint.").

[29] **Authority:** *Sanders v. Madison Square Garden, L.P.*, 525 F. Supp. 2d 364 (S.D.N.Y. 2007) (Lynch, J.).

# Instruction no. 10

## Retaliation where employer also had good cause to take adverse action[30]

Even if an employer had good cause to take adverse action against an employee, the employer can still be liable if it took the adverse action because the employee opposed conduct that was or was genuinely believed to be discriminatory.

---

[30] **Authority:** *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993) ("Title VII is violated when an employer is motivated by retaliatory animus, even if valid objective reasons for the discharge exist.") (citations omitted).

## Instruction no. 11

**Proof of discrimination or retaliation by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action**[31]

"A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action."

---

[31] **Authority:** *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

# Instruction no. 12

## Effect of One Type of Discrimination on Another

Sometimes two or more types of discrimination will combine to result in an employee being treated worse than if she had been the victim of one type of discrimination. In this case, while Plaintiffs allege that Defendants came to view them as racial troublemakers due to a combination of their race and their opposition to certain conduct that they believed was discriminatory. If you find that this is what happened, then you may consider some or all the offending conduct to constitute both race discrimination and retaliation.[32]

---

[32] **Authority:** *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 572 (2d Cir.2000) ("one type of hostility can exacerbate the effect of another, and [] such aggravating harm is legally cognizable"); *Feingold v. New York*, 366 F.3d 138, 151-52 (2d Cir. 2004) (same); *Sogg v. American Airlines, Inc.*, 193 A.D.2d 153, 161 (1 Dep't 1993) (proper focus was on "combined factors of her sex, age, and disability").

**Instruction no. 13**

**Petty slights and trivial inconveniences**[33]

Defendants claim that the conduct Plaintiffs complain of was too minor and insignificant to justify an award of damages. To establish this claim, Defendants must show, by a preponderance of the evidence, that a reasonable person would have considered the conduct to be nothing more than petty slights or trivial inconveniences.

If you decide that the conduct Plaintiffs proved amounted to what a reasonable person would have considered to be nothing more than petty slights or trivial inconveniences, you will find that Defendants are not liable to Plaintiffs and will proceed no further. On the other hand, if you decide that the conduct that Plaintiffs proved was what a reasonable a reasonable victim of discrimination or retaliation with the same protected characteristics would not have considered trivial or petty, you will find Defendants liable to Plaintiffs and will proceed to consider the amount of Plaintiffs' damages.

---

[33] **Authority:** Executive Law § 296(1)(h).

# Instruction no. 14

## Damages[34]

If you find that the Plaintiffs have carried their burden of proving by a preponderance of the evidence all three essential elements of their claims, you must then consider the issue of damages, that is, the money that Defendants must pay to plaintiff. Damages must be based on evidence, and Plaintiffs have the burden of proving damages by a preponderance of the evidence.

You must award the Plaintiffs the sum of money that will justly and fairly compensate them for any injuries you find they suffered as a direct result of the defendants' misconduct. Compensatory damages must be based on evidence, not speculation or sympathy. At the same time, in determining the amount of the award it may often be impossible for you to arrive at a precise amount. For example, compensatory damages are available for emotional distress and humiliation under Section 1981. It is difficult to arrive at a precise calculation of actual damage for emotional harm from a violation of Section 1981. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by the plaintiff.

---

[34] **Authority:** 5 Modern Federal Jury Instructions-Civil P 87.01, Instruction 87-20 and 87-21.

An award of damages may also include lost wages, but only for the period between the time when Plaintiffs' pay was reduced and the date of Plaintiffs' termination.

Even if you find that no actual damages were proven, you should award the sum of $1—which is called "nominal damages"—to reflect your finding that the defendant is liable for a violation of Section 1981.

**Instruction no. 15**

**Punitive Damages**[35]

If you return a verdict for the Plaintiffs and you award the Plaintiffs compensatory damages, then you may, if you wish, also decide to make a separate and additional award of what are called "punitive damages." To make such a judgment it is important to understand the reasons for awarding punitive damages: to punish the defendant for malicious conduct against the plaintiff or for callous disregard of the plaintiff's rights and to deter future such conduct by the defendant or others like him. Thus, you should consider whether the award of punitive damages will accomplish these dual purposes of punishment and deterrence. In determining the amount of punitive damages, you may also consider the financial circumstances of the defendant.

You may even award punitive damages to the plaintiff in the absence of actual damages. However, you may award punitive damages only if you believe that the defendant should be punished for the reasons explained above. In other words, the plaintiff is not entitled to punitive damages as a matter of right. You must make a judgment about the defendant's conduct.

---

[35] **Authority:** 5 Modern Federal Jury Instructions-Civil P 87.01, Instruction 87-23.

Dated: December 16, 2022

Respectfully submitted,

Law Offices of Scott A. Lucas
600 Mamaroneck Ave., Suite 400
Harrison, NY 10528
(646) 342-1139
scott@lucasemploymentlaw.com
*Attorneys for Plaintiffs Cordia Foster*
*and Cislyn Wright*

By: *Scott A. Lucas*