UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CORDIA FOSTER and CISLYN VERONA
WRIGHT,                                                              21-cv-11224 (CM)(DF)

                              Plaintiffs,

    - against -

ELYSE DULA a/k/a ELYSE SNOW
and IAN K. SNOW,

                              Defendants.
------------------------------------------------------------------x


## MEMORANDUM OF DEFENDANTS IN SUPPORT OF
## MOTION *IN LIMINE* TO BIFURCATE ANY TRIAL AS TO THE AMOUNT OF
## PUNITIVE DAMAGES AND FURTHER TO PRECULED PUNITIVE DAMAGES

 

Gerard A. Riso
Mantel McDonough Riso, LLP
410 Park Avenue, Suite 1720
New York, New York  10022
212-599-1515
Gerard.Riso@MMRLLP.com

*Attorneys for Defendants*

A.  **INTRODUCTION**

Defendants Elyse Dula and Ian K. Snow respectfully submit this Memorandum, pursuant to this Court's Rule VII(C), for a ruling *in limine* with respect to the claims of punitive damages asserted by Plaintiffs Cordia Foster and Cislyn Verona Wright, in this employment discrimination case brought by two former live-in nannies.

First, we ask that the Court bifurcate any trial as to the amount of punitive damages to be awarded until after the trial as to liability, compensatory damages and any determination whether the alleged conduct warrants any award of punitive damages. Bifurcation is often employed by the courts in order to exclude financial information during the liability phase to prevent a defendant from being unfairly prejudiced.

Second, we ask that the Court also rule that the punitive damages claims be stricken due to Plaintiffs' failure to conduct *any* financial discovery. Bifurcation may result in a needless and wasteful delay in the event Plaintiffs were to be permitted any such financial discovery after the trial phase, which would then require the selection of a second jury. Alternatively, we ask the Court to rule that in such circumstance, Plaintiffs not be permitted to conduct any such financial discovery of Defendants, in order to permit an immediate second trial before the same jury.

B.  **THIS COURT SHOULD ORDER A BIFURCATED TRIAL**

The purpose of punitive damages is to "punish the defendant and to deter him and others from similar conduct in the future." *MacMillan v. Millenium Broadway Hotel*, 873 F. Supp. 2d 546, 565, 2012 U.S. Dist. LEXIS 80765, **44 (S.D.N.Y. 2012); *see Wonzer v. Hernandez*, 2022 U.S. Dist. LEXIS 147653, *37 (S.D.N.Y. 2022).

"Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase

of the case." *Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991).

"As a number of courts within the Second Circuit have recognized, it is often preferable 'to bifurcate trials in order to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensation have been tried." *Hamm v. Potamkin*, 1999 U.S. Dist. LEXIS 5948 *4 (S.D.N.Y. 1999), *quoting*, *Smith v. Lightning Bolt Prods., Inc.* 861 F.2d 363, 374 (2d Cir. 1988).

Courts have recognized that it is prejudicial to a defendant to attempt to litigate the defendant's financial condition during the trial as to liability and compensatory damages. As such, the "preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether defendant's conduct warrants any award of punitive damages at all." *Smith, supra* at 372.

Bifurcation, therefore, ameliorates the prejudice to Defendants by ensuring that "proof of wealth is not admitted at the trial on liability and compensatory damages." *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004).

As such, we respectfully ask the Court to bifurcate any trial as to the amount of punitive damages.

C. **THIS COURT SHOULD ALSO PRECULE PLAINTIFFS FROM SEEKING PUNITIVE DAMAGES**

Plaintiffs failed to conduct any pre-discovery of either Defendant as to their respective wealth and financial net worths.

The Civil Case Management Plan, so-ordered on February 9, 2022, directed that all discovery in this matter be completed on or before July 12, 2022. (Dkt. No. 13 at ¶ 5.) Thus, the time to conduct any such discovery has long since elapsed.

A defendants' financial net worth is relevant to the jury's consideration as to the amount of punitive damages to award so that the jury can "arrive at an award of sufficient substance to make the offender 'smart', since a lesser award probably would not achieve the desired deterrent effect." *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1119 (2d Cir. 1986).

Any such calculation should be "tailored to the defendant's ability to pay" at the time of trial. *Vasbinder, supra* at 1344.

Courts often permit such financial discovery of a defendant's wealth during pre-trial discovery so that "a second proceeding regarding the amount of damages can go forward immediately with the same jury. This option prevents prejudice to the defendant by keeping financial evidence out of the liability phase of the trial. In addition, allowing pre-trial discovery avoids the inefficiency of a discovery delay between the liability and damages phase of trial, as well as the need to assemble a second jury." *Hazeldine, supra* at * 9

"It would be unduly burdensome to plaintiffs [and, we add, Defendants], this Court, and a jury to delay any resolution of the issue of the amount of financial damages until after any resolution of the issue of the amount of punitive damages until after a second phase of financial discovery is completed." *Hamm, supra* at *5.

As such, since Plaintiffs failed to seek or obtain any such financial discovery during pre-trial discovery, and such evidence is necessary to the jury's determination as to the amount of punitive damages to award, if any, any such second trial would be unnecessarily delayed, and a new jury would need to be impaneled. This Court should eliminate any such undue burden to the Court and the parties and find that, under these circumstances, Plaintiffs have waived, abandoned or otherwise should not be permitted to proceed with any claim for punitive damages.

Alternatively, we respectfully ask the Court to find that Plaintiffs not permitted any such

3

discovery in the event the case proceeds to a second trial to determine the amount of punitive damages. In this fashion, the matter can proceed immediately to the second phase with the same jury.

## D. CONCLUSION

For the foregoing reasons, we respectfully ask the Court to order a bifurcated trial as to any issue regarding the amount of punitive damages to be awarded. We also ask the Court to find that under the circumstances, Plaintiffs not be permitted to proceed with any claim for punitive damages (or, alternatively, that they not be entitled to any discovery as to Defendants' respective wealth and net worths).

Dated: New York, New York
      May 25, 2023

MANTEL McDONOUGH RISO, LLP

By: _____
    Gerard A. Riso
410 Park Avenue, 17th Floor
New York, New York 10022
(212) 599-1515
*Attorneys for Defendants*