UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CORDIA FOSTER and CISLYN WRIGHT,       21-cv-11224 (CM)

                      *Plaintiffs*,

      -against-

ELYSE DULA a/k/a ELYSE SNOW
and IAN K. SNOW,

                      *Defendants*.
-----------------------------------------------------------X


**Plaintiffs' Memorandum of Law
in Opposition to Defendants' Motion *In Limine*
Seeking Bifurcation of the Punitive Damages Issue**


                              Law Offices of Scott A. Lucas
                              600 Mamaroneck Ave., Suite 400
                              Harrison, New York 10166
                              (direct) (646) 342-1139
                              (office) (646) 632-3737
                              scott@lucasemploymentlaw.com
                              *Attorneys for Plaintiffs*

Plaintiffs, through their undersigned counsel, respectfully request that Defendants' motion *in limine* regarding bifurcation of the punitive damages issue be denied.

Defendants' motion for bifurcation should be denied for the reasons set forth in *Farghaly v. Potamkin Cadillac-Buick-Chevrolet-Geo, Ltd.*, 2021 U.S. Dist. LEXIS 178753, at *3-4 (S.D.N.Y. Sep. 20, 2021), including the fact that "juries 'routinely' determine punitive damages alongside liability." *Id.* See also *Ragin v. Newburgh Enlarged City Sch. Dist.*, 2011 U.S. Dist. LEXIS 59728, at *8 (S.D.N.Y. June 3, 2011) (citing *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) with approval for its affirmance of district court's denial of a motion to bifurcate the determination of punitive damages in part because movant "made no detailed offer of proof to indicate the need for bifurcation") .

To the extent Defendants fault Plaintiffs for not requesting Defendants' tax returns or other document discovery, there is no known case law precluding an award of punitive damages where the plaintiffs have not requested such paper discovery. To the contrary:

> even if it is determined at trial that punitive damages are warranted in this case, discovery concerning defendant's net worth may not be required if defendant does not attempt to use his financial circumstances to limit the size of the award. "Under well established precedent in this Circuit, it is the defendant's burden to show that his financial circumstances warrant a limitation of the award."

*Tyco Int'l Ltd. v. Walsh*, 2010 U.S. Dist. LEXIS 79019, at *2 (S.D.N.Y. July 30, 2010) (quoting *Patterson v. Balsamico,* 440 F.3d 104, 122 (2d Cir.2006)).

Defendants' motion to dismiss Plaintiffs' punitive damages request is also a form of dispositive motion, and is therefore untimely. The Case Management Plan provides that the dispositive motion deadline is the same as the deadline for filing the Joint Pretrial Order (Case Management Plan, ¶ 11), and the Joint Pretrial Order Deadline (after two extensions) was December 16, 2022. Dkt. 28.

It is respectfully requested that this Court deny Defendants' motion.

Dated:   May 30, 2023                              Law Offices of Scott A. Lucas
                                                   600 Mamaroneck Ave., Suite 400
                                                   Harrison, New York 10528
                                                   (direct) (646) 342-1139
                                                   (office) (646) 632-3737
                                                   scott@lucasemploymentlaw.com
                                                   *Attorneys for Plaintiffs*

                                                   By: _____
                                                         Scott A. Lucas