LAW OFFICES OF
## SCOTT A. LUCAS
600 Mamaroneck Avenue
Suite 400
Harrison, New York 10528

_____

(direct) (646) 342-1139
(office) (646) 632-3737
Scott@LucasEmploymentLaw.com

Of Counsel
STEVEN MITCHELL SACK

January 18, 2024

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

     Re:    *Foster et al v. Dula et al, 21-cv-11224 (CM)*

Dear Judge McMahon:

As Plaintiffs' counsel, I write to briefly respond to Defendant Dula's letter of today's date arguing **(a)** that the New York State Human Rights Law (NYSHRL) was amended to *repeal* the availability of punitive damages during a 14-month window between January 5, 2021 and March 16, 2022; and **(b)** that the NYSHRL amendment containing the alleged temporary repeal should retroactively apply to the challenged conduct, which occurred in 2020—when, by Defendants' own admission, the NYSHRL expressly authorized punitive damages awards in employment discrimination cases.

Defendants—who never claimed at or before trial that punitive damages were not legislatively authorized—are incorrect as a matter of law.

To begin with, the October 11, 2019 amendment permitting punitive damages was *never* repealed. The sole change to Section 297(9)'s text in 2020 N.Y. Ch. 236, 2020 N.Y. SB 6569 had nothing to do with, and made no mention of, the availability of punitive damages. The language about punitive damages being available in housing cases only was referenced as part of the *non-amended* text because 2020 N.Y. Ch. 236, 2020 N.Y. SB 6569 was introduced in early 2019, before the October 11, 2019 amendment permitting punitive damages in employment cases. See legislative history of 2020 N.Y. Ch. 236, 2020 N.Y. SB 6569 at https://www.nysenate.gov/legislation/bills/2019/S6569. The later amendment referred to in Defendant's letter (2022 N.Y. Ch. 140, 2022 N.Y. SB 5870) confirms that the October 11, 2019 amendment permitting punitive damages in employment cases was *never* repealed because the

Honorable Coleen McMahon                -2-                January 18, 2024
United States District Judge

language authorizing punitive damages is *not* listed as an addition to the statutory text in that later amendment; for that language was *there all along* since October 11, 2019.

The idea that the NYSHRL could have been amended without discussion or debate to abolish punitive damages in employment cases would no doubt come as a surprise to the Legislature, Governor, and public alike.

And even if one were to credit Defendant's attempt to seize upon what was at most a procedural anomaly to conclude that the Legislature unwittingly repealed the availability of punitive damages during that 14-month window, Defendant's position would *still* have no merit since: **(a)** punitive damages were indisputably available under the NYSHRL when the challenged conduct occurred (i.e., in 2020); and **(b)** "the repeal of a statute does 'not affect or impair any … right accruing, accrued or acquired … prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected.'" *Foley v. Fitzpatrick Container Co.*, 267 A.D.2d 637, 638 (3d Dept. 1999) (quoting N.Y. General Construction Law § 93).

Finally, the cases Defendant cites are either inapposite (because they do not address the timing of any amendments), or favor Plaintiffs (i.e., by invoking the presumption against retroactive application of legislative amendments).

                                                        Respectfully submitted,
                                                        */S/ Scott A. Lucas*
                                                        Scott A. Lucas

cc:      Gerard A. Riso, Esq. (via ECF)