UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────x

CORDIA FOSTER and CISLYN WRIGHT,

    Plaintiffs,

-against-

ELYSE DULA a/k/a/ ELYSE SNOW
and IAN K. SNOW,

    Defendants.

────────────────────────────────x

21 civ. 11224 (CM)

## ADDENDUM TO DECISION ON ATTORNEYS' FEES

McMahon, J.:

    In the court's decision on post-trial motions (Dkt #96), I left open the final number for attorneys' fees to be awarded to plaintiffs' counsel so that we could explore one issue. Defendants argued, *inter alia*, that Mr. Lucas should receive no attorneys' fees because he was pursuing an appeal from the court's failure to charge punitive damages – an appeal Defendants argued was frivolous, since punitive damages are not available for a violation of the New York State Human Rights law in a private action against a private employer. As considerable time was expended at trial addressing issues that seemed relevant only to punitive damages, I asked Mr. Lucas for authority on the subject before finalizing my proposed fee award.

    I am grateful to Mr. Lucas for his prompt response to Wednesday's order. He called the court's attention to an Eastern District case – *Brito v. Marina's Bakery Corp.*, 2022 U.S. Dist. Lexis 53351 (E.D.N.Y. Mar. 24, 2022) – which referenced a 2019 amendment to the Exec. L. § 297(9) that authorized an award of punitive damages in cases brought against private employers for employment discrimination. This citation finally led me to the revised text of the statute.[1]

    As far as the court is concerned, Mr. Lucas' letter ended the matter. He did as I asked; he established his entitlement to the full fee award of $25,000 that I was prepared to authorize.

---

[1] I assure Mr. Lucas that I looked up Exec. L. § 297(9) on the internet before issuing Wednesday's order, but turned up the version of the statute that limited punitive damages to housing discrimination cases. The same thing happened when I input Exec. L. § 297(9) into my browser after receiving his letter on Wednesday. Our chambers copy of McKinneys was to the same effect, though as we no longer get pocket parts – budget cuts – I could not trust that the book was accurate. Only when I made a specific search request for just the 2019 amendment was I able to locate the relevant language.

But as always seems to be the case in this lawsuit, that was not the end of the story. Yesterday counsel for Defendants weighed in with the news that the statute had been amended yet again in 2021, and the 2021 version did not include the 2019 amendment that was brought to my attention by Mr. Lucas.[2] To further confuse matters, Mr. Riso, Defendants' lawyer, advised the court that the eliminated amendment was subsequently reinstated. (Dkt. #98) Today we received a letter from Mr. Lucas disputing Mr. Riso's reading of history. (Dkt. #99)

I am really not interested in resolving whether or not punitive damages are or are not available in an employment discrimination case against a private employer under the NYSHRL. The only reason I addressed it in Wednesday's decision and order was because Defendants argued that Mr. Lucas should not be awarded any attorneys' fees, in that he was pursuing a frivolous appeal seeking damages that are not authorized by statute. Mr. Lucas has satisfied me that he has a good faith basis for asserting that punitive damages may be awarded in an employment discrimination case under Exec. L. § 297(9). That ends my interest in the matter.

The parties seem to be trying to set up arguments for appeal. But Mr. Lucas' appeal cannot possibly rest on any argument about whether the NYSHRL authorizes punitive damages, because as far as I can recall, he never mentioned the issue during the trial – I can find no reference to it in the transcript of our several charge conferences – and the Second Circuit does not ordinarily consider arguments that were not made to the district court in the first instance. *See Brutus Trading v. Standard Chartered Bank*, No. 20-2578, 2023 WL 5344973, at *3 (2d Cir. Aug. 21, 2023). As is apparent from the transcript, my decision not to charge punitive damages was not dictated by any belief that they were not authorized by statute; in fact, until I received Mr. Riso's opposition to the fee motion, I believed that they were available. I rested my decision not to charge them on my understanding that whether punitive damages should be charged is a matter remitted to the court's discretion. *See, e.g., McCardle v. Haddad*, 131 F.3d 43, 52–53 (2d Cir. 1997).[3] I initially was of the opinion that the evidence against Ms. Dula did not warrant such a charge.[4] (Tr. 429) As the transcript reveals, I was open to the possibility of changing my mind if the jury handed down a verdict against Ms. Dula. (Tr. 447) But when I heard the jury's verdict – a verdict in which the jury found neither severe nor pervasive discriminatory conduct on her part nor any retaliation – I concluded that no such charge was warranted and so declined to give it. (Tr. 574) Mr. Lucas urged that Second Circuit law (not New York State law) required that I give such a charge; but he could not cite me any case to that effect (Tr. 429–30), and he has yet to do so.

So as far as I am concerned, the only reason to address the issue of statutory authorization of punitive damages in an employment discrimination case under the NYSHRL was to dispose of Mr. Riso's argument against an award of attorneys' fees to Mr. Lucas. Having heard from Mr. Lucas, I see no reason to reduce his fee award below the $25,000 I was initially prepared to authorize. Mr. Lucas should prepare a judgment to that effect for entry by the Clerk of Court.

With this amendation, the pre-trial motions are concluded. Please stop sending me letters. The Clerk of Court is directed to enter judgment and CLOSE THE FILE.

---

[2] This might explain why the 2019 version did not turn up when I searched for Exec. L. § 297(9) on the internet.

[3] Significantly, counsel for Ms. Dula did not argue at trial that punitive damages were unavailable under the NYSHRL, as he does in opposition to the fee award motion.

[4] The parties agreed that punitive damages should not be charged against Mr. Snow.

Dated: January 19, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL